**ST. LOUIS–SAN FRANCISCO RY. CO. v. CHASE NAT. BANK OF CITY OF NEW YORK et al.**

**No. 13108.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 8, 1946.

Rehearing Denied March 6, 1946.

William V. Hodges, of Denver, Colo. (Daniel Bartlett, of St. Louis, Mo., and Henry C. Vidal, James L. Goree, and Hodges, Vidal & Goree, all of Denver, Colo., on the brief), for appellant.

Harry W. Kroeger, of St. Louis, Mo. (Nagel, Kirby, Orrick & Shepley, of St. Louis, Mo., and Milbank, Tweed & Hope and Arthur A. Gammell, all of New York City, on the brief), for appellee Chase Nat. Bank of City of New York.

Before GARDNER, THOMAS and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This case grew out of the reorganization proceedings of the St Louis-San Francisco Railway Company and is a companion to cases numbered 13,105, 13,106 and 13,107, in which we have just filed our opinion, Brooks v. St. Louis-San Francisco R. Co., 153 F.2d 312, and was submitted at the same time. At the inception of reorganization proceedings under Section 77, Bankr.Act, 11 U.S.C.A. § 205, on May 17, 1933, the District Court entered an order enjoining bank creditors of the debtor from selling their pledged collateral. This order stood unchallenged during a period of some twelve years but after the court had approved a proposed plan of reorganization of the debtor, the Chase National Bank on January 22, 1945, filed a petition asking the vacation of all injunctional orders so far as they might restrain it from selling its pledged collateral. On April 17, 1945, the court entered an order vacating any and all injunctional orders restraining any of the bank creditors of the debtor from selling their pledged collateral. This appeal is from that order. On April 10, 1945, the court entered an order approving a plan of reorganization for the debtor and on appeal we affirmed that order.

Appellant debtor's contention that the court erred in vacating the injunctional order is bottomed on the assumption that the equities of the stockholders have value and hence, it is interested in these pledged collaterals. The bank was the holder of a promissory note of the Railway Company in the original principal amount of $2,724,-722, dated September 1, 1932, which became due December 31, 1932. The note was secured by pledged securities consisting of $4,183,500 principal amount of consolidated 6 per cent bonds of the Railway Company. The amount owing on the promissory note, principal and interest, as of January 16, 1945, was $3,512,213. This amount was subject to adjustment in accordance with the final decision of the court as to whether these distributions should be credited to the principal or the interest on the note. The plan of reorganization approved by the court includes the claim of the Chase National Bank in the principal amount of $2,-492,592, with accrued interest to January 1, 1944, amounting in the aggregate to $3,-534,978, for which it is to receive $151,526 cash and $3,383,452 in bonds and preferred and common stock. As has already been observed, we affirmed the order approving

the plan of reorganization and under that plan the debtor has no interest in the distribution of assets in reorganization. In view of this situation, the questions here sought to be presented have become purely academic.

 The indebtedness owing the Chase National Bank and the indebtedness owing the other banks far exceeded the value of the pledged collateral held by them. The primary purpose of an injunction against the sale of collateral is to prevent interference with the consummation of a plan for reorganization. Guaranty Trust Co. v. Henwood, 8 Cir., 86 F.2d 347, 108 A.L.R. 1020; In re New York, N. H. & H. R. Co., 2 Cir., 102 F.2d 923. That purpose had been served before the entry of the order here complained of by the staying of such sale during a period of some twelve years. Continuing the injunction further would, in the circumstances here presented, certainly serve no useful purpose. As the debtor has no equity in the collateral, sale of which was enjoined, and the plan of reorganization has in fact been perfected and approved the continuance of the injunctional order would be unreasonable and purposeless.

The order appealed from is therefore affirmed.